UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | |
| ) | |
| NANCY SODERMAN, ) | Chapter 13 |
|   Debtor ) | #07-41651-JBR |
| ) | |
| In re: ) | |
| ) | |
| FRANCIS M. WELCOM, III ) | Chapter 13 |
|   Debtor ) | #07-42284-JBR |
| ) | |

**Denial of Motion to Stay Enforcement of the Amended Order to Show Cause Pending Appeal (Docket # 96 in Case No. 07-41651 and Docket # 80 in Case No. 07-42284) and Memorandum of Reasons for Amended Order to Show Cause**

This Court issued the Amended Orders to Show Cause pursuant to its power under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The automatic stay imposed by 11 U.S.C. § 362(a) is an important provision of the U.S. Bankruptcy Code and actions that violate the stay are punishable under Sections 362(k)(1) and 105(a) of the Code. The current economic climate has brought with it a rush of foreclosures as well as an increase in the number of lenders who, either because of shoddy practices or intentional misconduct, fail to comply with the law. It is incumbent upon the Court to ensure strict

compliance with all provisions of the Code, but especially those that pertain to the fundamental protections provided to debtors by the automatic stay.[1]

The impetus for the Orders to Show Cause in the instant cases was allegations by the respective debtors in each case that Freedom Mortgage Corp. and Option One Mortgage Corp., in conjunction with Harmon Law Offices, P.C. (collectively, the "Movants"), were violating the automatic stay by continuing foreclosure sales scheduled prior to the petition date numerous times during the pendency of the bankruptcy cases. Although it is a generally accepted practice in this district to postpone a foreclosure sale once in order to seek relief from stay, the Movants' actions in the instant cases deviate from that standard. The bankruptcy courts of this district have repeatedly observed that in certain circumstances, continuances of a foreclosure sale may constitute a stay violation.[2] The test for a stay violation in this context is whether the sale was postponed in order to harass the debtor, gain an advantage for the creditor, or revive the financial pressures that drove the debtor into bankruptcy. *See In re De Jesus Saez*, 721 F.2d 848, 853 (1st Cir. 1983); *In re Hart*, 246 B.R. 709, 740 (Bankr. D. Mass. 2000); *In re Herron Pond*, 258 B.R. 529, 530 (Bankr. D. Mass. 2001). The Movants' actions in the instant

---

[1] "The automatic stay is one of the fundamental debtor protections provided by the Bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." S. Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5840-41.

[2] "[T]he Court can conceive of circumstances in which the postponement of a foreclosure sale might violate the automatic stay. For example, if a secured party repeatedly continued the foreclosure sale for brief periods, it is conceivable that harassment rather than the preservation of the status quo would be motivating the creditor and warrant judicial intervention." *In re Hart*, 246 B.R. 709, 740 n.29 (Bankr. D. Mass. 2000). *See In re Herron Pond*, 258 B.R. 529, 530 (Bankr. D. Mass. 2001) (echoing the concern about repeated continuations for brief periods).

cases raise serious questions as to their intent in postponing the sales, particularly where the Movants never informed the Court that they were engaging in this practice. The information sought by the Amended Orders to Show Cause is relevant to the determination of whether a violation of the automatic stay occurred because the Movants' actions in other cases within the district may provide evidence of their intent in the instant cases and whether or not the continuances were an attempt to maintain the status quo or a tactic employed to harass and or pressure the debtors. The Court also has the power to examine the information provided to see if the Movants have violated the stay in other instances and take appropriate action in the event violations have occurred.

The First Circuit Court of Appeals has observed that bankruptcy courts must have the ability to enter such orders as are necessary to assure that they can carry out "efficiently and effectively the duties assigned to them by Congress." *United States v. Mourad*, 289 F.3d 174, 179 (1st Cir. 2002) (quoting *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997). The bankruptcy court has the power to regulate the bar as appropriate and necessary. *In re Sheridan*, 362 F.3d 96, 110 (1st Cir. 2004). Moreover, the subject of the Amended Orders to Show Cause is a core proceeding. The conduct occurred in open cases and has an effect on the legal relationships among the parties. *Sheridan*, 362 F.3d at 107. The effect could take the form of sanctions or voided actions based of violations of the automatic stay. Additionally, the conduct sought to be regulated derives from the Bankruptcy Code. *Sheridan*, 362 F.3d at 108. The enforcement of the Amended Orders to Show Cause is important from a public policy standpoint. Bankruptcy courts throughout the country have become more vigilant in the wake of Code violations by

lenders.[3] Courts have also seen an increase in debtors whose rights are being affected because they lack the knowledge, resources, or energy to bring potential Code violations to the Court's attention.

Prior to the enactment of Section 362(k)(1), which provides a mechanism for debtors to seek sanctions for a violation of the automatic stay, bankruptcy courts routinely punished such violations under Section 105(a). Therefore, there is an established practice of and standard for assessing whether violations occurred.

For the foregoing reasons, the Court issued the Amended Orders to Show Cause and Court DENIES the Motions to Stay Enforcement of the Amended Orders to Show Cause.

Dated: February 11, 2008

By the Court,

Joel B. Rosenthal
United States Bankruptcy Judge

---

[3] *See In re Foreclosure Cases*, 2007 WL 3232430 (N.D. Ohio 2007); *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007); Porter, Katherine M., "Misbehavior and Mistake in Bankruptcy Mortgage Claims" (November 6, 2007). University of Iowa Legal Studies Research Paper No. 07-29. Available at SSRN: http://ssrn.com/abstract=1027961 (detailing behavior of and abuses by mortgage companies in consumer bankruptcy cases)